[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15250
Non-Argument Calendar

_____

D. C. Docket No. 06-20312-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMBERTO RODRIGUEZ-VANEGAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 28, 2007)**

Before BLACK, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Humberto Rodriguez-Vanegas ("Vanegas") pleaded guilty to importation of

and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841

and 960(b).  The underlying facts of the case are not in dispute: Vanegas arrived in Miami from Bogota, Colombia and, during a security check, 828.3 grams of heroin were discovered at the bottom of his luggage.  Upon questioning, Vanegas admitted smuggling the drugs.

The sentencing guidelines determined that the sentencing range was 57 to 71 months imprisonment.  Vanegas had no objections to the guidelines calculations and did not ask for any "other departures or variances considering his age and circumstances."  At sentencing, the court questioned whether there was any reason it should not impose a sentence at the low end of the range.  Vanegas had no objection and merely asked the court for forgiveness.  The court sentenced Vanegas to 57 months imprisonment on each count to run concurrently, and 3 years supervised release.  Vanegas now appeals, challenging his sentence as unreasonable considering the 18 U.S.C. § 3553(a) sentencing factors.  He further asserts that he should have received a minor-role reduction or a variance.

Typically, we review the sentence imposed by the district court for reasonableness.  United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005) (citing United States v. Booker, 543 U.S. 220, 260, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005)).  Although this court has not addressed whether plain error review is appropriate where, as here, a defendant raises a reasonableness argument

for the first time on appeal, we need not do so in this case, as the outcome is the same under either standard of review. Vanegas bears the burden of showing his sentence is unreasonable. Talley, 431 F.3d at 788.

We first conclude that there was no error in the court's guidelines calculations. Vanegas did not request any reduction or departure at sentencing; nor did he object to the guidelines calculations. We conclude that the facts and circumstances did not warrant any reductions or variances. See United States v. De Varon, 175 F.3d 930 (11th Cir. 1999) (en banc).

Moreover, the sentence imposed was reasonable and the court did all it was required to do after Booker. It correctly calculated the guidelines range and then considered the range in addition to the § 3553(a) statutory factors to impose a reasonable sentence at the low end of the guidelines range and well below the statutory maximum of 40 years. 21 U.S.C. § 841(b)(1)(B); United States v. Scott, 426 F.3d 1324, 1329-1330 (11th Cir. 2005). The fact that the court did not list the factors is irrelevant because the record reflects that the court considered those factors. United States v. Dorman, manuscript op. at 3, 16-18 (No. 04-14886) (11th Cir. Jun. 8, 2007); United States v. Hunt, 459 F.3d 1180 (11th Cir. 2006). Vanegas has offered nothing to explain how his sentence is unreasonable.

Accordingly, we **AFFIRM.**